UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DISCHER,

    Petitioner,

v.                                    CASE NO: 8:11-CV-1070-T-27TGW

EDWIN BUSS, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court on a timely *pro se* petition for writ of habeas corpus filed by a Florida prisoner, Paul Discher, challenging his 2003 judgment of conviction for manslaughter arising out of the Sixth Judicial Circuit, Pinellas County, Florida (Dkt. 1). Respondent filed a response in opposition to the petition (Dkt. 8), with the appendix record of Petitioner's state court proceedings (Dkt. 10). Petitioner did not file a reply to Respondent's response and the time frame for doing so has now expired. (See Dkt. 7, p. 5.). Upon consideration, the petition is DENIED.

## PROCEDURAL HISTORY

The State of Florida charged Petitioner with manslaughter. (Dkt. 10, Ex.1, p. 1.)[1] The charge was amended to manslaughter with a weapon. (Ex.1, p. 2.) After a jury trial, Petitioner was convicted. (Ex. 2.) He was sentenced to a 30-year minimum mandatory term. (Ex. 2, p. 4.)

---

[1] All exhibits cited throughout this Order are located in the appendix record of Petitioner's state court proceedings (Dkt. 10).

On appeal, Petitioner raised the following issues: 1) illegal sentence because a conviction used to enhance his sentence was illegal; 2) the state failed to prove that Petitioner did not act in self-defense; 3) the trial court erred in excluding evidence of the victim's past violent behavior; 4) the trial court erred in allowing the introduction of evidence collected during the warrantless search of Petitioner's home; and 5) Petitioner did not knowingly and voluntarily waive his Miranda[2] rights because he was intoxicated. (Ex. 4, pp. 13-28.) As to the self-defense claim, the State responded that it presented extensive evidence countering the theory of self defense, including Petitioner's own statements and physical evidence. (Ex. 5, pp. 29-31.) The Second District Court of Appeal affirmed *per curiam* without written opinion. (Ex. 6.) The mandate issued on December 29, 2005. (Ex. 6.)

On August 26, 2006, Petitioner filed a *pro se* motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. (Ex. 7.) Petitioner raised six claims: 1) ineffective assistance for failing to object to comments on Petitioner's right to remain silent; 2) ineffective assistance for pressuring Petitioner into not testifying; 3) ineffective assistance for failing to object to the manslaughter by culpable negligence instruction; 4) ineffective assistance for failing to object to the standard jury instruction on self-defense; 5) ineffective assistance for forcing Petitioner to waive his speedy trial rights; and 6) ineffective assistance for failing to investigate the contents of a red duffle bag (screwdrivers). (Ex. 7, pp. 6-21.)

The trial court denied Claim 2 and directed the State to respond to the remainder of the claims. (Ex. 8.) As to the failure to investigate claim (Claim 6), the State responded:

> In Claim Six, Defendant alleged counsel was ineffective for not investigating the existence of screwdrivers as part of the self-defense theory. Defendant claims the

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

> jury should have heard that the victim was known to carry screwdrivers and had at least two on the day of the crime. This claim has no merit.
>
> The fact that the victim was known to carry screwdrivers and had two that day would not have substantiated the self-defense theory, as these two facts by themselves do not show that the victim used them against the Defendant in such a way as to justify the killing in self-defense.
>
> As to impeachment of Cindy Vought, she was only asked if the victim ever carried a weapon, even a pocket knife, and she said no. (State's Exhibit One, pp. 132-33.) A screwdriver is not commonly considered a weapon in its designated use. In fact, a screwdriver is only considered a weapon if it is used as such. See Wright v. State, 442 So. 2d 1058 (Fla. Dist. Ct. App. 1983). Furthermore, Cindy never testified at trial that the screwdriver could be used as a weapon.
>
> Counsel did impeach Cindy, getting Cindy to admit that she lied on the 911 tape. Counsel also elicited testimony from police officers that differed from Cindy's own testimony. (State's Exhibit One, pp. 60-65, 148-50, 157-58, and 361-63.) Counsel then tied all this testimony together in closing arguments to show that Cindy's testimony at trial was not credible. (State's Ex. 1, pp. 477-82.) The jury effectively heard Cindy being impeached and, therefore, counsel cannot be deemed ineffective.
>
> Finally, Defendant himself, in his statement to police, never mentioned to police that the victim had a screwdriver, or used one in a threatening manner toward Defendant, thus prompting Defendant to stab the victim in self-defense. (State's Exhibit One, pp. 47-356.) In fact, Defendant stated only that the victim made some verbal threat toward him, that Defendant and the victim got in a scuffle, and that Defendant went into the kitchen, got a knife and stabbed the victim. The issue of a screwdriver does not coincide with Defendant's own version of events, therefore counsel is not ineffective for failing to investigate it.

(Ex. 9, pp. 4-6.) The trial court ordered an evidentiary hearing on Claims 1 and 6 and denied the remainder of the claims. (Ex. 10.) At the evidentiary hearing, Stacey Schroeder (Petitioner's trial counsel), Melinda Morris (prosecutor at trial), and Petitioner testified. (Ex.10, p.3.)

After closing arguments were filed (Ex. 12; Ex. 13.), the trial court entered an order denying relief. (Ex. 14.) As to Claim 6, the court found:

-3-

> The Defendant alleges that his counsel was ineffective for failing to investigate and prepare for trial. Specifically, he alleges that his counsel failed to review the contents of the victim's red duffel bag which contained screwdrivers and which supported the Defendant's claim of self-defense. In a motion for new trial, defense counsel admitted that she would have impeached the testimony of the only witness present at the scene, who testified that the victim did not have any weapons.
>
> A defendant can use deadly force in self-defense if he reasonably believes that it is necessary to prevent imminent death or great bodily harm. See Michel v. State, 989 So. 2d 679 (Fla. Dist. Ct. App. 2008) (quoting Cruz v. State, 971 So.2d 178, 182 (Fla. Dist. Ct. App. 2007). However, there was no evidence that the Defendant's belief that he was preventing imminent death or great bodily harm was reasonable. At the hearing, defense counsel agreed that the Defendant never told the police that the victim had a screwdriver in his hands and there was no factual evidence presented or suggestions that the victim had a weapon in his hands. The Defendant testified that he told the police that he and the victim were fighting and he never mentioned that the victim had anything in his hands. The Defendant further testified that he did not see any threat of a weapon, but that his memory of the night was not clear because of alcohol use. Therefore, although the Defendant asserted at the evidentiary hearing that he would not have stabbed the victim unless he believed he was in fear for his life, the testimony presented did not demonstrate that his belief was reasonable. Consequently, the Defendant cannot show that he was prejudiced by counsel's failure to investigate and this claim is denied.

(Ex. 14, pp. 2-3.)

Petitioner appealed. (Ex. 15.) He argued that the trial court erred in denying the failure to investigate claim (Claim 6). (Ex. 16, pp.8-10.) The State responded that Petitioner was not aware of the screwdriver in the red duffle bag and that the screwdriver never presented a threat to Petitioner. (Ex. 17, pp. 9-11.) The state appellate court affirmed *per curiam* without written opinion. (Ex. 18.) The mandate issued on January 18, 2011. (Id.)

Just prior to filing his post-conviction motion, Petitioner filed a petition for writ of habeas corpus in the state appellate court, arguing that his appellate counsel was ineffective. He raised two issues:  1) error in the voluntary manslaughter jury instruction and 2) error in the standard jury

instruction on self-defense. (Ex. 19, pp. 5-12.) On January 30, 2007, the appellate court denied the petition. (Ex. 22.) Petitioner's motion for rehearing was denied on February 26, 2007. (Ex. 23.)

On May 8, 2011, Petitioner filed a motion for post-conviction relief, arguing that his sentence was illegal because a conviction used to enhance his sentence was illegal. (Ex. 24, pp. 3-4.) The motion was denied. (Ex. 25.) On February 3, 2012, the Second District Court of Appeal affirmed the denial of relief *per curiam* without written opinion.

In the instant federal petition, Petitioner raises one claim, that his trial counsel was ineffective in failing to investigate the red duffle bag containing the screwdrivers.

## AEDPA STANDARD OF REVIEW

Petitioner's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)). Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved"

an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. Cullen v. Pinholster, 131 S.Ct. 1388, 1398-1401 (2011). In addition, section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). When measured against the AEDPA standard, it is clear that the instant petition is due to be denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

A claim of ineffective assistance of counsel must meet the two-part standard established by Strickland v. Washington, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id. at 687. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack. See, e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981). Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Petitioner's claim fails under either prong of the Strickland analysis.

## DISCUSSION

As noted, Petitioner alleges that his trial counsel was ineffective for failing to investigate the red duffle bag with the screwdrivers. In denying Petitioner's Rule 3.850 motion for post-conviction relief, the state trial court rejected this claim, finding there was no evidence that Petitioner believed he was preventing death or great bodily harm when he attacked and killed the victim with a knife. (Ex. 9, pp. 4-6.) The court found there was no evidence that Petitioner thought the victim had a weapon, let alone a screwdriver and decided that Petitioner failed to show any prejudice in his counsel's conduct. (Id.) These findings are presumed to be correct, and Petitioner has the burden of overcoming that presumption by clear and convincing evidence under 28 U.S.C. § 2254(e)(1). Petitioner has not satisfied that burden.

With respect to a claim that counsel failed to conduct an appropriate investigation, counsel has a duty to make a reasonable investigation. Wiggins v. State, 539 U.S. 510, 521-23 (2003). A strong presumption exists, however, that counsel's decisions were in the exercise of reasonable professional judgment, and strategic decisions made after thorough investigations are "virtually unchallengeable." Strickland, 466 U.S. at 690-91. The duty to investigate "does not... compel defense counsel to investigate comprehensively every lead or possible defense ... or to scour the globe on the off-chance something will turn up." Rompilla v. Beard, 545 U.S. 374, 383 (2005). For ineffectiveness, "a particular decision not to investigate must be directly assessed for reasonableness based on all surrounding circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Petitioner does not meet Strickland's deficient performance prong.

As a general proposition, an attorney must consult with his client regarding critical decisions, including questions of defense strategy. See Strickland, 466 U.S. at 688. "That obligation, however, does not require counsel to obtain the defendant's consent to 'every tactical decision.'" Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Taylor v. Illinois, 484 U.S. 400, 417-18 (1988)). In this regard, Petitioner does not suggest that trial counsel misled him about the perimeters of counsel's investigation, but instead, faults counsel for not pursuing an investigation of the red duffle bag. Petitioner is not entitled, however, to a probe into counsel's reasoning regarding the decision of whether to investigate the duffle bag, because his assertions do not overcome the strong presumption his counsel's assessments of the state's evidence were reasonable, professional decisions. See Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999).

Counsel knew about the duffle bag, and notwithstanding acknowledging in the post conviction hearing that she could have attempted to impeach the witness present at the scene who testified that the victim did not have a weapon, there is no evidence, as the state court correctly found, and trial counsel confirmed, that the victim had a weapon in his hands when attacked by Petitioner, or that Petitioner ever claimed that the victim had a weapon. Petitioner admits that he never saw any threat of a weapon, and never told the police that the victim exhibited a weapon.

Trial counsel testified that the victim worked as a day laborer, and therefore it would not have been unusual for him to carry around work tools such as screwdrivers. The bag was found outside Petitioner's hotel room. There was no blood or other physical evidence on the duffle bag to connect it to the crime. Considering these circumstances, a reasonably competent attorney could have foregone an investigation into the duffle bag and its contents. Counsel cannot be

faulted in hindsight with having failed to investigate evidence which did not support the claim of self defense.

Even if counsel should have investigated the duffle bag further, Petitioner has not demonstrated, as the trial court correctly found, that the failure prejudiced Petitioner. Accordingly, this ground is due to be denied on Strickland's prejudice prong without regard to the deficiency prong.

Although Petitioner contends that his counsel should have investigated the duffle bag and screwdrivers, as noted, he does not claim that the victim was in possession of a screwdriver or that any eyewitness saw the victim with a screwdriver. As Respondent asserts, even assuming Petitioner could have presented evidence of the red duffle bag and screwdrivers as evidence at trial, he fails to show how the evidence would have assisted his claim of self-defense.

Petitioner's claim is essentially based on his self-serving assumption he "wouldn't have did what [he] did unless [] his life was definitely in danger." (Ex. 11, p. 34.) He admitted, however, that he did not see the victim holding anything, which corroborated the testimony of other eyewitnesses and his statement to law enforcement. The evidence of the red duffle bag and screwdrivers would not have materially undermined the State's evidence or bolstered Petitioner's self-defense claim. (Ex. 29, pp. 25-27, 36, 40, 55-65, 88-94, 117-24, 128, 132-33, 148-50, 154-61, 217, 236-37, 272-76, 315-19, 326-28, 336-41, 357-68, 375-76.)

In sum, Petitioner fails to demonstrate there was any reasonable probability of a different outcome had his counsel pursued an investigation of the red duffle bag. The state court's decision resulted in a reasonable application of Strickland under either prong and was a reasonable determination of the facts in light of the evidence.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

The Petition for Writ of Habeas Corpus is **DENIED**. The Clerk is directed to enter judgment in favor of Respondent, terminate any pending motions, and close this case.

Additionally, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court allow Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Instead, he will be required to pay the full amount of the appellate filing fee pursuant to 28 U.S.C. §§ 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on January 29th, 2014.

/s/ James D. Whittemore
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
*Pro se* Petitioner
Counsel of Record